# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **FEDERAL NATIONAL MORTGAGE** | § | |
| **ASSOCIATION,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-CV-0832-K-BF** |
| | § | |
| **ANTHONY BRANCH** | § | |
| **and ALL OCCUPANTS,** | § | |
| **Defendants,** | § | |
| | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for Pretrial Management. (Doc. 1.) On April 21, 2011, Anthony Branch ("Defendant"), *pro se*, filed a notice of removal from County Court of Law No. 1, Tarrant County, TX. (Doc. 2.) On June 1, 2011, Federal National Mortgage Association ("Plaintiff" or "FNMA"), filed a Motion to Remand and a brief in support. (Doc. 6-7.) Defendant failed to timely file a response to the Motion to Remand. The Court hereby recommends that Plaintiff's Motion to Remand be GRANTED.

## Background

Defendant allegedly removed the case to this Court based on the diversity of citizenship of Plaintiff and Defendant. (Doc. 2, p. 1.) However, a defendant may only remove based on diversity if the defendant is not a resident of the state in which the action was brought. 28 U.S.C. § 1441(b). Because Defendant is a citizen of the state in which the action was brought, Plaintiff's Motion to Remand must be granted.

1

## Undisputed Facts

The following facts are taken from Plaintiff's Motion to Remand. The Court takes the facts as true because they are unopposed. The real property at issue in this case is located at 4804 San Remo Drive, Mansfield, Tarrant County, Texas 76063 (the "Property"). (Doc. 7, p. 2.) On September 28, 2007, Defendant executed a lien on the Property. (Doc. 7, p. 2.) Following Defendant's failure to make payments, Plaintiff foreclosed on the Property on January 4, 2011. (Doc. 7, p. 2.) Defendant failed to vacate the Property despite Plaintiff's timely notice. (Doc. 7, p. 2.) Accordingly, on or about February 15, 2011, Plaintiff filed a forcible detainer action in the Justice of the Peace Court, Precinct Seven of Tarrant County Texas. (Doc. 7, p. 2.) After a trial, judgment was entered in favor of Plaintiff. Defendant appealed to the County Court at Law No. One, Tarrant County, Texas. (Doc. 7, p. 2.) On April 21, 2011, before Plaintiff could obtain a final judgment on appeal, Defendant filed a Notice of Removal. (Doc. 2.)

## Analysis

In the Notice of Removal, Defendant claimed that removal was proper under federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 2, p. 1.) Diversity jurisdiction requires 1) complete diversity of citizenship; and 2) that the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a). Defendant noted that each of these requirements had been met in this case. (Doc. 2, p. 2.) Nonetheless, Defendant does not have the right to remove this case because § 1441(b) provides:

> "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

28 U.S.C. § 1441(b). Here, Defendant is a citizen of Texas, the state in which the action was brought. (Doc. 2, pp. 1; 3.) Accordingly, removal was improper under 28 U.S.C. § 1441(b).

## **<u>Recommendation</u>**

The Court finds removal was improper under 28 U.S.C. § 1441(b). Therefore, the Court hereby recommends that the Motion to Remand be GRANTED.

SO RECOMMENDED, June 27, 2011.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).